UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC., et al.,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 18-734 (CCC)<br><br><br><br>SCHEDULING ORDER |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure; and the Court having considered the parties' proposed discovery schedule; and for good cause shown:

**IT IS** on this 14th day of May 2018,

**ORDERED THAT**:

## I. DISCLOSURES

1. Initial disclosures, required by Federal Rule of Civil Procedure 26, are to be exchanged on or before **DONE**.

## II. SCHEDULING

2. By **May 1, 2018,** Plaintiff shall, in accordance with L. Pat. R. 3.1, 3.2, and 3.5, provide its asserted claims and infringement contentions and accompanying disclosures.

3. By **June 25, 2018**, Defendants shall, in accordance with L. Pat. R. 3.6(c), (d), (e) and (f), serve both its Non-Infringement Contentions and Responses and Invalidity Contentions, as well as claim charts, and produce associated documents.

4. By **August 24, 2018**, Plaintiff shall, in accordance with L. Pat. R. 3.6(g), (h), and (i), serve its Responses to Invalidity Contentions and produce associated documents.

**Exchange of Proposed Terms for Construction**

5. Not later than **September 5, 2018**, each party shall exchange proposed terms for claim construction pursuant to L. Pat. R. 4.1(a). The parties shall thereafter meet and confer to limit the disputed claim terms and facilitate the ultimate preparation of a Joint Claim Construction and Prehearing Statement, in accordance with L. Pat. R. 4.1(b).

**Exchange of Preliminary Claim Constructions and Extrinsic Evidence**

6. Not later than **September 14, 2018**, the parties shall simultaneously exchange preliminary proposed claim constructions and supporting evidence, in accordance with L. Pat. R. 4.2(a) and (b).

7. The parties shall identify intrinsic and extrinsic evidence they intend to rely on in opposition to the other party's proposed claim construction by **September 24, 2018**. The parties shall thereafter meet and confer to narrow claim construction issues and finalize preparation of the Joint Claim Construction and Prehearing Statement, in accordance with L. Pat. R. 4.2 (c).

8. Not later than **October 10, 2018**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement and accompanying documents, in accordance with L. Pat. R. 4.3.

9. By **November 19, 2018**, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, other than experts, identified in the Preliminary Claim Construction statement or Joint Claim Construction and Prehearing Statement.

**Claim Construction Submissions**

10. By **November 26, 2018**, the parties shall file and serve opening *Markman* briefs and any evidence supporting claim construction, including experts' certifications or declarations in accordance with L. Pat. R. 4.5(a).

11. By **December 21, 2018**, any discovery from an expert witness who submitted a certification or declaration shall be concluded, in accordance with L. Pat. R. 4.5(b).

12. Not later than **January 10, 2019**, the parties shall file responding *Markman* briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations, in accordance with L. Pat. R. 4.5(e).

13. By **January 24, 2019**, the parties shall confer in accordance with L. Pat. R. 4.6 to propose to the Court a schedule for a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

14. The Court will thereafter convene a conference to address scheduling and protocol for claim construction.

**Discovery and Motion Practice**

15. Any motions to join parties or amend pleadings, whether by third-party complaint or amended pleadings, shall be made by **August 31, 2018**.

16. All fact discovery shall be complete by **May 14, 2019**.

17. Any discovery or case management dispute shall be raised informally as provided for in Local Civil Rule 37.1, following an actual meet-and-confer by the parties. If the parties are unable to agree, a short letter may be **EMAILED** to chambers at mf_orders@njd.uscourts.gov indicating that there is a dispute and the subject matter of the dispute. Detailed, multi-page letters should **not** be submitted. Upon receipt of any such letter, the Court will attempt to schedule a telephone conference within 24 hours to discuss the details of the dispute and make a more specific plan for how it should be addressed (e.g., formal motion, informal briefing, in-court meet and confer, etc.). Any letter submitted should be **double spaced**. No formal discovery motions are permitted without prior court approval.

18. Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **April 14, 2019**. The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date, and failure to timely raise a discovery issue will result in waiver.

19. Any dispositive motions shall be filed by **TO BE DETERMINED**. Opposition and reply papers are due in accordance with the deadlines set forth in the Local Civil Rules.

### III.  EXPERTS

20. All expert reports on behalf of the party having the burden of proof on the issue shall be delivered by **June 21, 2019**.

21. All reply expert reports shall be delivered by **August 5, 2019**.

22. All rebuttal expert reports shall be delivered by **August 19, 2019**.

23. All expert discovery shall be completed by **September 20, 2019**.

### IV.  DISCOVERY CONFIDENTIALITY ORDERS

24. The parties should submit any proposed discovery confidentiality order by **May 22, 2018**. Any confidentiality order submitted must strictly comply with Local Civil Rule 5.3.

Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

25. Any disputes over the entry of a discovery confidentiality order should be raised with the Undersigned pursuant to Local Civil Rule 37.1 following a good faith effort to meet and confer. See L. Civ. R. 5.3(b)(5); L. Civ. R. 37.1. The absence of a discovery confidentiality order is not a legitimate basis to withhold discovery. Pending the entry of a discovery confidentiality order and/or during the pendency of any dispute relating to the entry of a discovery confidentiality order, discovery shall proceed on a temporary attorney's eyes only basis.

## V. PRETRIAL CONFERENCE

26. A final pretrial conference shall be conducted pursuant to Federal Rule of Civil Procedure 16(d) at **TO BE DETERMINED**. All pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

## VI. FUTURE CONFERENCES

27. There shall be status conferences before the Undersigned on:

> **June 26, 2018, at 3:45 p.m. (*via telephone*)**
> **August 9, 2018, at 10:00 a.m. (*in-person*)**
> **September 5, 2018 at 3:30 p.m. (*via telephone*)**
> **October 2, 2018, at 3:30 p.m. (*via telephone*)**

\* When the conference is by telephone, plaintiff shall initiate the call.

28. The Court may, from time-to-time, schedule conferences as may be required, either *sua sponte* or at the request of any party.

29. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and clients with full settlement authority must either attend the conference or be immediately available by telephone.

## VII. MISCELLANEOUS

30. If a party seeks to file information under seal, the party shall: (1) refer to Local Civil Rule 5.3(c); and (2) contact the Chambers of the undersigned for instructions

regarding the format for presenting such a motion.  The parties are reminded that the Local Civil Rules contemplate that the sealing of materials will be done in the least restrictive means available.  See L. Civ. R. 5.3(c)(2).  As a result, the Court will *not*, absent extreme circumstances, seal lengthy documents in their entirety.

      31.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with the consent of all counsel.

      32.    A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action.  Any such communication that does not recite or contain a certification of such service may be disregarded by the Court.

**FAILURE TO FOLLOW THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16 AND 37.**

                      s/ Mark Falk
                      **MARK FALK**
                      **United States Magistrate Judge**