**FILED UNDER SEAL**

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | Civil Action No.: 18-00734 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV's (collectively, "Plaintiffs" or "Janssen") four motions *in limine* to preclude the introduction of certain evidence at trial (ECF Nos. 96, 97). Defendant Teva Pharmaceuticals USA, Inc. ("Defendant" or "Teva") opposed the motions (ECF No. 104), and Janssen filed a reply in support (ECF No. 109). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Janssen's motions are denied without prejudice.

**I.   LEGAL STANDARD**

A motion *in limine* is designed to narrow evidentiary issues for trial and to eliminate unnecessary interruptions during trial. *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). The purpose of a motion *in limine* is to bar "irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrow[ing] the evidentiary issues for trial." *Id.* (internal quotation marks omitted). However, "[t]he Federal Rules of Evidence embody a

strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (internal quotation marks omitted).

## II.   MOTION *IN LIMINE* 1

In its first motion *in limine* ("MIL 1"), Janssen argues that Teva should be precluded from relying on two posters for its obviousness defense that neither were disclosed in Teva's invalidity contentions nor substantively analyzed in Teva's expert reports. The Court disagrees.

Janssen does not dispute that both posters were produced during discovery, and it concedes that the posters bear similar authorship and concern the same subject matter as abstracts already identified in Teva's invalidity contentions. *See* Janssen Mov. Br. at 4, ECF No. 97-9; Declaration of Keith J. Miller ("Miller Decl.") ¶¶ 3-4, ECF No. 96-2. Rather, Janssen's primary argument for exclusion is that Teva's failure to identify the posters in its invalidity contentions in accordance with the Local Patent Rules prevents Teva from relying on the posters as prior art at trial.[1]

As an initial matter, Teva asserts that the parties resolved Janssen's objections to Teva's allegedly undisclosed theories over a year ago. Indeed, Teva indicates that on July 2, 2019, Janssen informed the Honorable Mark Falk, Chief U.S.M.J., that it intended to file a motion to strike "new invalidity theories disclosed in Teva's expert reports that were not identified in the invalidity contentions Teva served pursuant to the Local Patent Rules," including obviousness theories "based on combinations of prior art that are different from the combinations disclosed in its contentions." ECF No. 61 at 1; Teva Opp. Br. at 1-2, ECF No. 104. After Judge Falk held a

---

[1] Janssen clarified in its reply brief that it is not seeking to preclude Dr. Daniel Paul H. Wermeling, Pharm.D., FCCP, FASHP, one of Teva's technical experts, "from referring to the posters to the same extent he did in his expert report," nor the use of the posters during examinations of fact witnesses at trial. Janssen Reply Br. at 2 n.2, ECF No. 109.

conference on July 3, 2019, Janssen agreed that it would not bring a motion to strike in exchange for a 30-day extension to serve rebuttal reports and Teva's withdrawal of one of the disputed invalidity theories. ECF No. 104-2. Judge Falk ordered the agreed-upon extension on July 15, 2019. ECF No. 64. While Janssen now contends that its prior objections concerned only undisclosed combinations, as opposed to undisclosed references, Janssen does not explain why it did not raise this objection when the issue was before Judge Falk last year.

More importantly, Janssen does not identify any prejudice it will suffer if Teva is permitted to rely on the posters at trial. The record is clear that: (1) the posters were produced during discovery, *see* Miller Decl. ¶¶ 3-4; (2) Janssen has known of Teva's reliance on the posters since at least June 21, 2019—the date on which Teva served Dr. Wermeling's expert report citing the posters, *see* Opening Expert Report of Dr. Daniel Paul H. Wermeling, Pharm.D., FCCP, FASHP ("Wermeling Report") ¶¶ 74-76, ECF No. 97-2; (3) Janssen was given an opportunity to—and did in fact—question Dr. Wermeling about the posters during his deposition, *see* Deposition Transcript of Daniel Paul H. Wermeling ("Wermeling Dep. Tr.") at 257:17-261:17, ECF No. 97-3; (4) Janssen was granted additional time to prepare its rebuttal expert reports, *see* ECF No. 64; and (5) Janssen has prepared arguments as to why the posters are not prior art, *see* Janssen Mov. Br. at 4-5. That the posters are substantively similar to references Teva previously identified in its invalidity contentions further belies any assertion of prejudice.

Janssen's argument that Dr. Wermeling should be precluded from testifying about the posters at trial because he failed to disclose "any opinion regarding their contents" is similarly unavailing. Janssen Mov. Br. at 7. Under Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1), a party who fails to provide a complete statement of an expert's opinion may not use the undisclosed opinion at trial, unless the failure to do so is substantially justified or harmless. Fed.

3

R. Civ. P. 26(a)(2)(B), 37(c)(1). To determine whether a party's failure to comply with its expert disclosure obligations warrants the "extreme sanction" of exclusion, courts consider the following factors: (1) "the prejudice or surprise in fact of the party against whom" the evidence is offered; (2) that party's ability "to cure the prejudice"; (3) the likelihood of disruption at trial; (4) the proponent's "bad faith or willfulness in failing to comply with" its discovery obligations; and (5) "the importance of the excluded" evidence. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987) (internal citation and quotation marks omitted). "In utilizing the *Pennypack* analysis, [c]ourts favor the resolution of disputes on their merits." *Callwave Commc'ns, L.L.C. v. AT&T Mobility LLC*, No. 12-01701, 2015 WL 13730253, at *2 (D. Del. Dec. 17, 2015), *report and recommendation adopted sub nom. Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. 12-1701, 2016 WL 3450736 (D. Del. June 16, 2016) (internal citation and quotation marks omitted).

Exclusion is not warranted here. First, Dr. Wermeling's report suggests that his obviousness opinion is based, at least in part, on his review of the posters. The report clearly references the posters and indicates that both posters correspond to the abstracts identified in Teva's invalidity contentions. Wermeling Report ¶¶ 74-76. Second, and in any event, the *Pennypack* factors militate against exclusion here. *Meyers*, 559 F.2d at 905. As explained above, Janssen has not identified any incurable prejudice that would result from Dr. Wermeling's testimony at trial. To the contrary, it appears that Janssen has had sufficient opportunity to review and respond to the report and directly question Dr. Wermeling about any opinions contained therein. Moreover, it does not appear that Teva has acted willfully or in bad faith, and Teva asserts

that the posters are important to its defense. To the extent Dr. Wermeling's testimony exceeds the scope of his report, Janssen may raise an appropriate objection at trial. MIL 1 is therefore denied.

### III. MOTION *IN LIMINE* 2

Janssen's second motion *in limine* ("MIL 2") seeks to preclude Ivan T. Hofmann, Teva's economic expert, from opining on the market effects of four alleged "blocking patents" on the basis that his opinion is neither helpful nor reliable. The Court disagrees.

Under Federal Rule of Evidence 702, expert testimony is admissible if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In other words, the proffered testimony must be both "relevant" and "reliable." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). An expert may rely on "facts or data in the case that the expert has been made aware of," Fed. R. Evid. 703, but the expert's testimony must be excluded if "'the data underlying [his] opinion are so unreliable that no reasonable expert could base an opinion on them,'" *Viking Yacht Co. v. Composites One LLC*, 613 F. Supp. 2d 637, 644 (D.N.J. 2009) (quoting *Montgomery Cnty. v. Microvote Corp.*, 320 F.3d 440, 448 (3d Cir. 2003)).

Here, Teva indicates that Mr. Hofmann intends to testify that the four blocking patents[2] undermine the inference of non-obviousness arising from the patent-in-suit's commercial success. Janssen contends that Mr. Hofmann's opinion necessarily lacks foundation and should be excluded

---

[2] A patent is considered a "blocking patent" when "practice of a later invention would infringe the earlier patent." *Acorda Therapeutics, Inc. v. Roxane Labs., Inc.*, 903 F.3d 1310, 1337 (Fed. Cir. 2018), *cert. denied*, 140 S. Ct. 111, 205 L. Ed. 2d 26 (2019).

because it is based on Dr. Wermeling's deficient analysis of the alleged blocking patents. According to Janssen, Mr. Hofmann's opinion is unreliable because Dr. Wermeling testified that he did not consider three of the alleged blocking patents and concluded that the fourth patent did not block many of the asserted claims. *See* Janssen Mov. Br. at 9. Janssen's characterization of Mr. Hofmann's opinion is not fully supported by the present record. First, contrary to Janssen's assertions, a careful reading of Mr. Hofmann's report reveals that his opinion was based not only on Dr. Wermeling's opinions, but also on *Janssen's* own representations to the Food and Drug Administration ("FDA"). Indeed, Mr. Hofmann's report expressly states that "Plaintiffs have listed the Blocking Patents in the [FDA] Orange Book as allegedly covering Invega Sustenna®." Reply Expert Report of Ivan T. Hofmann ("Hofmann Report") ¶ 34, ECF No. 97-5. Second, Dr. Wermeling's report makes clear that he did analyze at least certain of the alleged blocking patents. *See* Reply Expert Report of Dr. Daniel Paul H. Wermeling ("Wermeling Reply Report") ¶¶ 13, 27, ECF No. 97-6. The Court finds that there is sufficient foundation for Mr. Hofmann's opinion at this stage.

In addition, the Court concludes that Mr. Hofmann's opinion will assist its understanding of the evidence and help determine facts in issue. The parties dispute whether the four patents blocked competitors from entering the market, thereby weakening the inference of non-obviousness arising from the patent-in-suit's commercial success. As the Federal Circuit has made clear, an invention's "commercial success is 'a fact-specific inquiry' that may involve considering the operation of specific blocking patents on possible competition." *Acorda Therapeutics, Inc.*, 903 F.3d at 1338 (quoting *Merck Sharp & Dohme Corp. v. Hospira, Inc.*, 874 F.3d 724 (Fed. Cir. 2017)). Here, Mr. Hofmann has analyzed the market conditions that contributed to the patent-in-suit's profitability, including the alleged impact of the purported

6

blocking patents. Given that the parties dispute what effect, if any, the four alleged blocking patents had on the patent-in-suit's commercial success, the Court finds that Mr. Hofmann's testimony may assist its determination of this issue. *See* Fed. R. Evid. 702(a). At this point, Janssen's arguments for exclusion appear to concern the weight of the evidence, not its admissibility. *See Hottenstein v. City of Sea Isle City*, 11-740, 2015 WL 12819150, at *2 (D.N.J. Sept. 15, 2015) (denying motion *in limine* to exclude expert testimony based on arguments "addressing the weight to be given to the evidence, not its admissibility"). Therefore, MIL 2 is denied.

### IV. MOTION *IN LIMINE* 3

In its third motion *in limine* ("MIL 3"), Janssen moves to preclude Teva's technical experts Dr. Wermeling and Dr. René S. Kahn, Ph.D., M.D., from opining on the alleged lack of nexus between the claimed invention and the objective indicia of non-obviousness. The Court denies Janssen's request.

In making an obviousness determination, a court must consider any objective indicia of non-obviousness. *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995). The parties seemingly agree that "[f]or objective evidence to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention." *Id.* at 1580; Janssen Mov. Br. at 15; Teva Opp. Br. at 11. Janssen contends that "the claimed combination as a whole may serve[] as the nexus for the objective evidence," and evidence of nexus need not be "tied to the supposedly new feature(s)." Janssen Mov. Br. at 15 (internal citations and quotation marks omitted). According to Teva, "[w]here the offered secondary consideration actually results from something other than what is both claimed and novel in the claim, there is no nexus to the merits of the claimed invention." Teva Opp. Br. at 11 (internal citation and quotation marks omitted).

7

Here, Janssen argues that Dr. Wermeling and Dr. Kahn's opinions are legally erroneous because they failed to consider the claimed invention as a whole in evaluating nexus. This argument is premature. Considered in context, the deposition testimony of both experts suggests, at this pre-trial stage, that each expert analyzed the entirety of the patent-in-suit. For example, at his deposition, Dr. Wermeling testified that the patent-in-suit "is not a benefit over things that are already published," and that he did not think there was a single benefit provided by the patent. Wermeling Dep. Tr. 170:2-8. Similarly, Dr. Kahn testified that he "went over the available evidence" and "looked at the claims and tried to see whether those claims were novel and whether they were not obvious." Deposition of Dr. René S. Kahn ("Kahn Dep. Tr.") at 91:24-92:4, ECF No. 104-5. At trial, the Court will have further opportunity to evaluate Dr. Wermeling and Dr. Kahn's conclusions and determine whether they comport with governing law. If, after presentation of the testimony, the Court concludes that such evidence is unreliable, it will simply disregard it. *See Warner Chilcott Labs. Ir. Ltd. v. Impax Labs., Inc.*, No. 08-06304, 2012 WL 1551709, at *23 (D.N.J. Apr. 30, 2012), *aff'd sub nom. Warner Chilcott Co., LLC v. Impax Labs., Inc.*, 478 F. App'x 672 (Fed. Cir. 2012) (noting that "a district court conducting a bench trial may admit evidence during the trial, subject to the understanding that the court may later exclude it or disregard it if it turns out not to meet the standards for reliability and relevancy established by Rule 702"). Thus, MIL 3 is denied.

V. **MOTION *IN LIMINE* 4**

Finally, in its fourth motion *in limine* ("MIL 4"), Janssen seeks to exclude argument and testimony that the objective indicia of non-obviousness are irrelevant if they relate to unclaimed features of the invention. The Court denies MIL 4 for largely the same reasons it denies MIL 3.

In a bench trial, a court's "gatekeeping function . . . is relaxed . . . because a court is better equipped than a jury to weigh the probative value of expert evidence." *Astrazeneca LP v. Breath Ltd.*, No. 08-1512, 2014 WL 5093516, at *1 (D.N.J. Oct. 10, 2014) (internal citation and quotation marks omitted). As a result, courts may admit an expert opinion at trial, subject to later exclusion if the opinion is found to be irrelevant or unreliable. *See Warner Chilcott Labs. Ir. Ltd.*, 2012 WL 1551709, at *23.

Here, the Court will permit the challenged argument and testimony. As with the issues discussed *supra*, if the Court later determines that any argument or testimony on this subject is unfounded, it will exclude or disregard it. Accordingly, exclusion is not warranted at this time and MIL 4 is denied.

Accordingly, **IT IS** on this 9th day of October, 2020:

**ORDERED** that Janssen's motions *in limine* are **DENIED without prejudice**.

**SO ORDERED.**

                                                          **CLAIRE C. CECCHI, U.S.D.J.**